IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DONALD MOODY, PRO SE, § | |
| TDCJ-CID # 677242, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0206 |
| § | |
| DOUGLAS DRETKE, Director, TDCJ-CID, § | |
| DAVID COLE, Warden, § | |
| JAMIE BAKER, Major, § | |
| NFN AGUIRRE, Capt., and § | |
| NFN MUNSELL, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

On July 22, 2005, the instant cause was received by transfer from the United States District Court for the Eastern District of Texas, Beaumont Division, to the United States District Court for the Northern District of Texas, Amarillo Division.  Plaintiff DONALD MOODY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants.  Plaintiff was granted permission to proceed in accordance with Title 28, United States Code, section 1915(b) by the district court in Beaumont before transfer.

Plaintiff complains he can't get a job reassignment to the kitchen.  He claims defendant BAKER turned down several requests he made for a change in job assignment to work in the kitchen.  Plaintiff claims defendant COLE is "overgrading case's and sign them by Major Baker rulen!"  Plaintiff claims defendant AGUIRRE supervises the disciplinary procedures and

"re-fuse listen when we try explain what cause fight." Plaintiff claims defendant MUNSELL helps in housing assignments and reviewing grievances and agreed with defendant BAKER's assignments.

As his request for relief, plaintiff aks why he can't be moved back to work in the kitchen or for a determination of whether he has medical restrictions or will be a harm to the public. He concludes, "[t]hen how can any assign work cause problems in TDCJ?"

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The instant cause is remarkably similar to cause no. 2:03-CV-0290, *Moody v. Baker, Cole, TDCJ-CID, and Johnson*.  In that case plaintiff claimed defendant BAKER controlled the job and housing assignment and had overlooked his I-60 requests to work in the kitchen; defendant COLE graded cases to determine whether they are minor or major; defendant AGUIRRE was "over disciplinary cases" and told plaintiff he would stay in the broom squad.  Plaintiff claimed he had suffered "mental re-lasp [sic] and sleeping problems."  By his plea for relief, plaintiff asked ". . . why can't be move food services?  Are will Investigate if have mental pain's in head's or threat to public then put me sleep so- want have try prove my problems hasn't change; if be interview for new parole next year 2004?"

At that time, the Court noted plaintiff's pleadings were nearly-incoherent, but he appeared to claim he had a right to a job change to the kitchen and had also mentioned, in global and conclusory terms, an unidentified disciplinary case, deductions from his inmate trust fund account, and parole set-offs.  Plaintiff's claim concerning BAKER's failure to assign him to a kitchen job was analyzed and dismissed as frivolous.  Plaintiff's remaining claims were dismissed for failure to state a claim and to exhaust administrative remedies.

Careful review of the file in this cause reveals that, among the multitude of illegible or barely-legible documents submitted by plaintiff, there are only two Step 2 grievances to show exhaustion of administrative remedies and give the Court some idea of the specifics of plaintiff's claims.  Grievance no. 2004067997 was attached to plaintiff's September 16, 2004 Motion to Supplement Complaint and concerns BAKER's failure to change plaintiff's hours at the beef packing plant so he could start work at 11:00 a.m. instead of 8:00 a.m.  Plaintiff also

complains of a classification demotion which occurred in December of 2000[3] for fighting with a broom.  Only the issue of plaintiff's work times was addressed.  The only other Step 2 grievance submitted by plaintiff is Step 2 grievance #2002065634, challenging defendant BAKER's failure to give plaintiff a requested job change to laundry or the kitchen.

This last incident appears to be the claim analyzed and disposed of in cause no. 2:03-CV-0290.  Nevertheless, even if it is somehow not encompassed within the scope of that suit, it and plaintiff's claims concerning his work hours at the beef packing plant are frivolous.

Plaintiff has no due process right to have his wishes considered when job assignments are made.  *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)(a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(Prison administrative decisions resulting in confinement in a particular prison, the loss of a prison job, or the loss of the opportunity to earn good-time credits because of custodial status, do not create constitutionally protected liberty interests because they might have speculative, collateral consequences on parole).  Plaintiff's claims lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also mentions a disciplinary case which occurred on November 22, 2000 or December 4, 2000, depending on which grievance is examined.  Nevertheless, if plaintiff is attempting to challenge the case, he has not stated a claim on which relief can be granted.  If he lost goodtime in connection with the disciplinary case, he must first secure a favorable

---

[3]Because the first document in this cause was apparently filed in December of 2003, and because of plaintiff's difficulty in providing clear and concise facts, the Court will not consider whether limitations applies to bar claims based on these disciplinary hearings.

4

termination in accord with *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). If he did not lose goodtime as a result of the case, he has no federally protected due process liberty interest in connection with it and, therefore, his claims against AGUIRRE, COLE, and MUNSELL based on this incident lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff's allegations contain no mention of any acts or omissions by defendant DRETKE and it appears plaintiff's claim against this defendant, if any, is based entirely upon DRETKE's supervisory status; however, a civil rights plaintiff must establish a causal connection between the acts or omissions of the defendant and the resultant constitutional deprivation. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). This may be done by alleging either active participation by the defendant in the actions causing the deprivation of the plaintiff's constitutional rights or affirmative adoption by the defendant of policies which were wrongful or illegal and which caused the constitutional deprivation. *Wanger v. Bonner*, 621 F.2d 675, 679 (5th Cir. 1980). Theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff has not alleged any facts to establish the necessary causal connection with defendant DRETKE and has, therefore, failed to state a claim on which relief can be granted.

## CONCLUSION

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, section 1915(e)(2), this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO

STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this __15th__ day of August, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE